FILED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Richmond Division)

2012 FEB 27  P 12: 58

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| **DENISE C. WILKINS,**<br>**Individually and as Personal Representative**<br>**of the Estate of**<br>**Justin Lamar Davis**<br>**816 Wilkes Street**<br>**Alexandria, VA 22314** | \*<br>\*<br>\* |
| Plaintiff, | \* |
| v. | \* |
| **CENTRAL STATE HOSPITAL**<br>**26317 West Washington Street**<br>**Petersburg, VA 23803-0030** | \* |

Civil Action No.

3: 12 CV 152

JAG

**CENTRAL STATE HOSPITAL**
**26317 West Washington Street**
**Petersburg, VA 23803-0030**

      Serve: **Kenneth T. Cuccinelli, II**
              **Attorney General of Virginia**
              **900 East Main Street**
              **Richmond, VA 23219**

    **and**

**VICKI MONTGOMERY**
**Director, Central State Hospital**
**26317 West Washington Street**
**Petersburg, VA 23803-0030**
**(in her individual and official capacities)**

    **and**

**SEVERAL AS OF YET UNIDENTIFIED**
**EMPLOYEES OF CENTRAL STATE HOSPITAL**
**26317 West Washington Street**
**Petersburg, VA 23803-0030**
**(in their individual and official capacities)**

    **and**

**THE COMMONWEALTH OF VIRGINIA**

      Serve: **Kenneth T. Cuccinelli, II**
            **Attorney General of Virginia**
            **900 East Main Street**
            **Richmond, VA 23219**

           **Defendants.**

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*



RECEIVED
FEB 2 9 2012
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## COMPLAINT
### (Wrongful Death; Civil Rights-Eighth Amendment
### -42 U.S.C. § 1983; Grossly Negligent Supervision)

### INTRODUCTION

1.      This is a civil action brought pursuant to 42 U.S.C. Section 1983 seeking damages against the defendants for committing acts under color of law which deprived plaintiff's decedent of rights secured under the Constitution and laws of the United States.

2.      In addition, it is a civil action seeking damages against the defendants for grossly negligent and/or intentional wrongdoing and acts under the common laws of the Commonwealth of Virginia, and which caused the beneficiaries of the decedent sorrow, mental anguish, and solace which may include society, companionship, comfort, guidance, kindly offices and advice..

### JURISDICTION

3.      Jurisdiction exists in this case pursuant to the Eighth Amendment to the Constitution, and under 42 U.S.C. § 1983, 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

4. The Commonwealth of Virginia was given notice of this claim pursuant to Va. Code Ann. 8.01-195.6 on February 15, 2011.

### PARTIES

5.      Plaintiff, Denise C. Wilkins, was at all times relevant herein, a resident of the Commonwealth of Virginia and is the mother of Justin Lamar Davis, the decedent, and the personal representative of his estate.

6.      Defendant Central State Hospital is a psychiatric hospital located in Petersburg, VA, and operated by the Commonwealth of Virginia. Justin Lamar Davis was being held at this facility at the time of his murder.

7.      The as of yet unidentified employee defendants of Central State Hospital are the employees on duty on Forensic Ward 39-8 of the facility on February 27-28, 2010, and those comprising the treatment team of Justin Davis. These individuals, once identified, shall be sued in both their individual and official capacities.

8.      Defendant Vicki Montgomery is the Director and Chief Executive Officer of Central State Hospital and is being sued in her individual and official capacities.

9.      Defendant Commonwealth of Virginia owns and operates the Central State Hospital facility and is directly responsible for the grossly negligent and/or intentional conduct of its agents and employees which led to the death of Justin Lamar Davis.

## STATEMENTS OF RELEVANT FACTS

10.     On or about January 5, 2010, Justin Davis was transferred from the Western State Hospital, where he had been sent for treatment from the Alexandria Detention Center after being held there for misdemeanor charges, to the Central State Hospital.

11.     On February 16, 2010, George Phillips was admitted to Central State Hospital from Northwestern Regional Jail while waiting to be prosecuted for charges of Attempted Capital Murder of two Dinwiddie County Sheriff's Deputies.

12.     On February 22, 2010, Mr. Phillips threatened Justin Davis with physical harm. The staff at the Central State facility were aware of the threat and took no action to separate Mr. Phillips from Mr. Davis. On February 24, 2010, Mr. Phillips again let staff know that he was contemplating physically harming Justin Davis and on February 25, 2010, Mr. Phillips physically attacked Justin Davis in the gymnasium. Still, the staff at the Central State Facility failed to separate Mr. Phillips and Justin Davis.

13.     By February 27, 2010, it was well known and documented by staff at the Central State facility that George Phillips posed a serious threat to the safety and well-being of Justin Davis. Nonetheless, they still refused and/or failed to separate Mr. Phillips from Justin Davis and in fact continued to allow them to occupy rooms right next to each other.  Based upon information and belief, the only action that the staff at the Central State facility took to prevent the imminent that Mr. Phillips posed was to order more intense monitoring by incompetent and indifferent staff members.

14.     On the evening of February 27, 2010, Mr. Phillips, through the gross negligence and/or intentional indifference of the staff on Ward 39-8 at the Central State facility murdered Justin

Davis by strangling him to death in his bed while staff at the Central State Hospital, who were supposed to be monitoring Mr. Phillips watched television, and otherwise neglected their responsibilities.

15. Prior to the murder of Justin Davis, defendants Commonwealth of Virginia and Vicki Montgomery knew that the staff of Central State Hospital was poorly trained and barely supervised; knew that there was no security in place to protect Justin Davis from a known predator who was intent on causing him harm; and knew that there was little or no attention paid to policies and procedures in the facility.

16. Central State Hospital's lack of security at its facility and its failure to provide any protection at all for the known risks of harm posed by George Phillips to plaintiff's decedent constituted gross negligence and/or intentional indifference under common law and amounted to cruel and unusual punishment under the Constitution of the United States.

## COUNT I
### (Wrongful Death)

17. Plaintiff incorporates by reference paragraphs 1 through 16 as if fully set forth herein.

18. Plaintiff's claims of gross negligence and deliberate indifference are actionable under the Virginia Wrongful Death Act, Va. Code Ann. 8.01-50.

19. As a direct result of the gross negligence and/or intentional acts of the defendants, plaintiff and the next of kin of the decedent, incurred burial expenses, loss of the pecuniary value of services expected to be performed by the decedent and other damages recoverable under the Act.

Wherefore, plaintiff demands judgment against defendants, jointly and severally, in the full and fair amount of Five Million Dollars ($5,000,000.00) plus punitive damages to the extent allowed by law, interest and costs.

## COUNT II
( Deprivation of Civil Rights; Eighth-Amendment-42 U.S.C. § 1983)

20. Plaintiff incorporates by reference paragraphs 1 through 19 as if fully set forth herein.

21. The defendants, acting under color of law and with deliberate indifference to and

reckless disregard for the safety and well-being of Justin Davis, in particular, and in violation of 42 U.S.C. § 1983, did on or about February 27, 2010, allow to be committed acts which deprived Justin Davis of his constitutional rights against cruel and unusual punishment.

22.    As a direct and proximate result of the actions of the defendants, Justin Davis, was viciously murdered by an George Phillips inside his room at the Central State Hospital.

23.    As a further direct and proximate result of defendants' actions, Justin Davis, prior to his death and during the attack that led to his death, suffered great physical pain and mental anguish.

WHEREFORE, the plaintiff demands judgement against the defendant, in the full and just amount of Five Million Dollars ($5,000,000.00), plus punitive damages to the extent allowed by law, interest, and costs.

**COUNT III**
(Grossly Negligent Supervision)

24.    Plaintiff incorporates, by reference, paragraphs 1 through 23, as if fully set forth herein.

25.    The defendants owed a duty of care to Justin Davis relative to his personal security and application of the Commonwealth's policies and practices and those generally accepted under federal law and the American Correctional Association.

26.    The defendants breached their duty of care by failing to monitor and supervise their staff's activities and condoning conduct by its employees that violated the Hospital's written policies, applicable court orders, the Constitution of the United States, and the generally accepted standards of the American Correctional Association.

27.    As a direct and proximate result of the defendants' grossly negligent supervision of personnel at Central State Hospital, Justin Davis was viciously murdered within the confines of Central State Hospital. At all times relevant herein, personnel at Central State Hospital, who were defendant's agents, were acting under the direction and control of the defendants.

28.    The defendants acted with gross negligence, and intentional indifference when they failed to properly supervise, control, direct and monitor their agents in their duties and

responsibilities at Central State Hospital when in fact they knew that George Phillips intended to cause Justin Davis serious bodily harm and failed to take any affirmative action to prevent such harm.

WHEREFORE, the plaintiff demands judgement against the defendants, in the full and just amount of Two Million, Five Hundred Thousand Dollars ($2,500,000.00), plus punitive damages to the extent allowed by law, interest, and costs.

Respectfully submitted,

S. Howard Woodson, III (VSB#35759)
Law Office of S. H. Woodson, III, P.C.
526 King Street, Suite 207
Alexandria, VA 22314
Phone: 703-548-1948
Fax: 703-548-1969
email: shw@shwoodsonpc.com

Jury Trial Requested:

S. Howard Woodson, III

OF COUNSEL

Gregory L. Lattimer
1200 G Street, N.W.
Suite 800
Washington, D.C.  20005
(202) 638-0095